UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY V. CORDER, RANDAL J. SAGE, AND BRIAN J. YATES,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 1:03-CV-1436 JDT - TAB<br>:<br>:<br>:<br>:<br>:<br>: |

## FINAL JUDGMENT AS TO DEFENDANT RANDAL J. SAGE

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Randal J. Sage ("Defendant") having entered a general appearance; consented to the Court=s jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) employing any device, scheme, or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, falsifying any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)] in violation of Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange

Act [15 U.S.C. § 78m(b)(2)] in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, making or causing to be made a materially false and misleading statement, or omitting to state or causing others to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading to an accountant in connection with (1) any audit or examination of the financial statements of an issuer required to be made pursuant to Sections 13 or 15 of the Exchange Act [15 U.S.C. §§ 78m, 78o] or the rules and regulations promulgated thereunder or (2) the preparation or filing of any document or report required to be filed with the Commission in violation of Rule 13b-2-2 [17 C.F.R. § 240.13b2-2].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] or Rules 12b-20, 13a-1, or 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1, 240.13a-13], by knowingly providing substantial assistance to any issuer that fails to file with the Commission, in accordance with

such rules and regulations as the Commission may prescribe as necessary or appropriate for the protection of investors and to insure fair dealing in the security, including Rules 12b-20, 13a-1, and 13a-13, such annual reports (and such copies thereof), certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports (and such copies thereof), as the Commission may prescribe, and in addition to the information expressly required to be included in a statement or report, such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made not misleading.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement in the amount of $376,277, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $135,494.68 for a total of $511,771.68. Based on Defendant's sworn representations in his Statement of Financial Condition dated July 31, 2005, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $185,000 of the disgorgement and pre-judgment interest thereon is

waived. The determination not to impose a civil penalty and to waive payment of all but $185,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay the $185,000 in disgorgement plus postjudgment interest in accordance with the following payment plan. Defendant shall pay $75,000 within thirty days of the entry of this Final Judgment to the Clerk of this Court. Thereafter, beginning in the second quarter following the entry of this Final Judgment, Defendant shall make ten quarterly payments in the amounts of $11,936, $10,880, $10,792, $10,704, $10,616, $10,528, $10,440, $10,352, $10,264, and $10,176, which must be hand-delivered or postmarked no later than the last day of each quarter. Defendant shall then make a final payment in the amount of $10,059 which must be hand-delivered or postmarked no later than one day prior to three years from the date of entry of this Final Judgment. Failure by Defendant to deliver any payment required by this Final Judgment on the dates prescribed and in the amounts due will render the entire remaining balance of the disgorgement and postjudgment interest amounts due and payable.

Each payment shall be submitted with a cover letter identifying Randal J. Sage as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission=s counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with the guidelines set by the

Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any papers filed by Defendant in this action are withdrawn to the extent that they deny any allegation in the complaint.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____12/02/2005_____,_____

_____
John Daniel Tinder, Judge
United States District Court